**UNITED STATES of America**

v.

**Laurence B. VINEYARD, Jr. a/k/a Larry Vineyard, and Roy Ryan.**

**No. CR 5–86–041W.**

United States District Court,
N.D. Texas,
Lubbock Division.

Oct. 27, 1988.

Mike Gibson, Burleson, Page & Gibson, Dallas, Tex., for Laurence B. Vineyard, Jr.

Travis Shelton, Lubbock, Tex., and Hiram C. Eastland, Jr., William J. Hardy, Eastland & Hardy, Washington, D.C., for Roy Ryan.

Roger L. McRoberts, Asst. U.S. Atty., Lubbock, Tex., for United States of America.

Dudley P. Speller, Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., for Federal Savings and Loan Insurance Corporation.

ORDER FOR RESTITUTION

WOODWARD, Senior District Judge.

On this date the Court considered the Motion for Modification of Sentencing Judgment to Establish Amount of Restitution filed by the Federal Savings and Loan Insurance Corporation, together with Defendants' responses, and all supporting briefs and materials. The Court makes the following findings and issues the following orders:

(1) Defendant, Laurence B. Vineyard, Jr., was convicted by a jury on January 30, 1987, and subsequently sentenced on October 6, 1987. The Judgment and Sentence entered on October 6, 1987, provided that "The defendant shall pay restitution to any institution or individual determined to have suffered financial loss because of the acts of the defendant in violating the laws as alleged in counts 1, 2, 3, 5, and 6."

(2) Defendant, Roy Ryan, was convicted by a jury on January 30, 1987, and subsequently sentenced on August 27, 1987. The Judgment and Sentence entered on August 27, 1987, provided that "The defendant shall pay restitution to any institution or individual determined to have suffered financial loss because of the acts of the defendant in violating the laws as alleged in counts 1, 4, 5, 6, 7 and 13."

(3) The Federal Savings and Loan Insurance Corporation (FSLIC) in its corporate capacity has acquired the claims of Brownfield Savings and Loan Association of Brownfield, Texas, and Key Savings and Loan Association, and is seeking restitution under the Victim and Witness Protection Act, 18 U.S.C. Sections 3663 and 3664.

(4) The Court finds that with regard to the loss suffered by Key Savings as a

result of the acts of Defendants, LAURENCE B. VINEYARD, JR. and ROY RYAN, Key Savings made an original loan in the amount of $4,700,000.00, but that only $3,800,000.00 was funded. The Court further finds that at the time of trial it was admitted that a fair market value of the property involved (and now held by FSLIC) was $1,590,000.00 and that this amount should be set off against the actual amount funded of $3,800,000.00.

(5) The Court finds that the Federal Savings and Loan Insurance Corporation has suffered injury compensable under the Victim and Witness Protection Act in the amount of Two Million Two Hundred Ten Thousand Dollars ($2,210,000.00) resulting from the Key Savings transaction.

(5) The Court further finds that as a result of the acts of Defendant, LAURENCE B. VINEYARD, JR., Brownfield Savings made loans to C.W. Brooks and Dennis Harrison in the original amounts of $168,000.00 each, resulting in a loss of $336,600.00.

(6) The Court finds that the Federal Savings and Loan Insurance Corporation has suffered injury compensable under the Victim and Witness Protection Act in the amount of Three Hundred Thirty–Six Thousand Six Hundred Dollars ($336,000.00) resulting from the Brownfield Savings transactions.

(7) The Court further finds that the Federal Savings and Loan Insurance Corporation is entitled to interest on the above amounts from the date of conviction at the rate of 6.09% per annum.

The Court, after considering the amount of loss sustained as a result of the offenses, the financial resources of the Defendants, the financial needs and earning ability of the Defendants and the Defendants' dependents, and other information submitted by the Defendants and FSLIC, the Court enters the following orders:

IT IS ORDERED that Defendant, LAURENCE B. VINEYARD, JR., make restitution to the Federal Savings and Loan Insurance Corporation as a result of the Key Savings transaction of TWO MILLION TWO HUNDRED TEN THOUSAND DOLLARS ($2,210,000.00) together with interest from January 30, 1987, at the rate of 6.09% per annum, except that no further payment shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injury.

IT IS ORDERED that Defendant, ROY RYAN, make restitution to the Federal Savings and Loan Insurance Corporation as a result of the Key Savings transaction of TWO MILLION TWO HUNDRED TEN THOUSAND DOLLARS ($2,210,000.00) together with interest from January 30, 1987, at the rate of 6.09% per annum, except that no further payment shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injury.

IT IS FURTHER ORDERED that Defendant, LAURENCE B. VINEYARD, JR., make restitution to the Federal Savings and Loan Insurance Corporation as a result of the Brownfield Savings transactions of THREE HUNDRED THIRTY–SIX THOUSAND SIX HUNDRED DOLLARS ($336,-600.00) together with interest from January 30, 1987, at the rate of 6.09% per annum. The restitution obligations of Defendant, LAURENCE B. VINEYARD, JR., resulting from the Brownfield Savings transactions shall not be affected by any restitution payments that may be made by other defendants in this case.

The restitution ordered herein shall be paid on or before five (5) years from the end of imprisonment as to each Defendant.

Payment shall be made directly to the Federal Savings and Loan Insurance Corporation, with notification of payment being made to the Attorney General.

Each Defendant shall notify the United States Attorney for this District within thirty (30) days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

The payment of restitution herein ordered shall be and remain a condition of parole as to each Defendant.