**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roy RYAN, Defendant–Appellant.**

No. 88–1906
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 12, 1989.

Travis Dale Jones, Shelton & Jones, Lubbock, Tex., for defendant-appellant.

Robert J. Erickson, Washington, D.C., Roger L. McRoberts, Marvin Collins, U.S. Atty., Lubbock, Tex., for plaintiff-appellee.

Dudley P. Spiller, Jr., Denver, Colo., for amicus curiae F.S.L.I.C.

Before REAVLEY, JONES, and DUHE, Circuit Judges.

DUHE, Circuit Judge:

Appellant, his conviction on numerous bank fraud and related charges having been affirmed by this Court, *U.S. v. Ryan*, 860 F.2d 435 (5th Cir.1988), now appeals the district court's order, 699 F.Supp. 103 (N.D.Tex.1988), that he (and one co-defendant) make restitution of $2,210,000 to the Federal Savings and Loan Insurance Corporation within five years of his release from prison. Finding no error, we affirm.

Appellant first argues that the district court erred in failing to make specific findings of fact concerning the restitution order.

 18 U.S.C. § 3580 mandates that the district court consider "[t]he amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." It does not require specific findings by the trial court, only that they be considered.

The rule in this circuit was clearly stated in *United States v. Patterson*, 837 F.2d 182, 183–84 (5th Cir.1988):

> The decision to assign reasons is committed to the sound discretion of the district court, guided by this singular inquiry—absent an assignment of its reasons, does the record contain sufficient data for the appellate court to perform its mandated review? If the record provides an adequate basis for that review, the court need not assign specific reasons for its decision to order full restitution. If the record is insufficient, reasons must be assigned.

The record in this matter shows that, when restitution was ordered, the district court had before it: A presentence investigation report giving admittedly correct information concerning defendant's financial status and fixing an amount of the victim's loss; the fact that the defrauded institution has been declared insolvent and taken over by the FSLIC; that neither the institution nor FSLIC had received any third party compensation with respect to the matter; that the defendant had filed proceedings under Chapter 7 because his financial resources had rapidly depleted since the time of his sentencing; that defendant would lose his real estate license, which was his chief means of employment and production of income; that defendant had two dependents who relied upon him for financial support; that he claimed no present or future ability to pay any restitution whatsoever; and complete briefing of all salient points.

The court declined to accept the government's calculation of the victim's loss at something in excess of $7,000,000 and fixed it at $2,210,000. The district court further stated that after having considered the amount of loss, the financial resources of the defendant, the financial needs and earning ability of the defendant and his dependents, and the other information submitted by the defendant and the FSLIC, $2,210,000 of restitution would be required from defendant and co-defendant Vineyard, who were made jointly and severally liable. The district court further ordered that restitution should be paid during the five years immediately following defendant's

release from custody. This record is completely adequate to permit this court to determine whether the district court abused its discretion and no further findings are necessary.

■ Appellant next argues that the district court abused its discretion when it assessed restitution against the defendant because the defendant is now bankrupt and because his failure to pay restitution following parole may result in a revocation of his parole.

While this circuit has not squarely addressed the issue of the assessment of substantial restitution against an insolvent defendant, we have implicitly held that there is no bar to such an assessment. *United States v. Caddell,* 830 F.2d 36, 39 (5th Cir.1987) (parole revocation for failure to pay restitution upheld although bankruptcy proceeding was pending). The Second, Fourth, Sixth, Seventh, Ninth and Tenth Circuits have universally ruled that indigency is no bar to the assessment of restitution. *See United States v. Sunrhodes,* 831 F.2d 1537, 1546 (10th Cir.1987); *United States v. Purther,* 823 F.2d 965, 970 (6th Cir.1987); *United States v. Bruchey,* 810 F.2d 456, 461 (4th Cir.1987); *United States v. Atkinson,* 788 F.2d 900, 904 (2nd Cir. 1986); *United States v. Roberts,* 783 F.2d 767, 771 (9th Cir.1985); *United States v. Fountain,* 768 F.2d 790, 802–03 (7th Cir. 1985), *amended on other grounds,* 777 F.2d 345, *cert. denied,* 475 U.S. 1124, 106 S.Ct. 1647, 90 L.Ed.2d 191 (1986); *United States v. Keith,* 754 F.2d 1388, 1393 (9th Cir.), *cert. denied,* 474 U.S. 829, 106 S.Ct. 93, 88 L.Ed.2d 76 (1985); *United States v. Brown,* 744 F.2d 905, 911 (2d Cir.), *cert. denied* 469 U.S. 1089, 105 S.Ct. 599, 83 L.Ed.2d 708 (1984). These circuits have allowed assessments against an insolvent defendant because the Victim and Witness Protection Act does not prohibit restitution in such instances; and a defendant's financial situation may well change in the future, making him able to pay some if not all the restitution ordered. Even some payment in the future, no matter how miniscule it might be in relation to the victim's loss, would be in keeping with the philoso-

phy of the Act. We hereby explicitly conclude that the defendant's indigency at the time restitution is ordered is not a bar to the requirement of restitution.

18 U.S.C. § 3579(g) requires that the Parole Commission, in determining whether or not to revoke parole for failure to comply with the restitution order, consider "the defendant's employment status, earning ability, financial resources, the willfulness of the defendant's failure to pay, and any other special circumstances that may have a bearing upon his ability to pay." Further, our Supreme Court held in *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), that before a defendant can be incarcerated for failure to comply with a restitution order there must be a factual determination that the defendant has not made a reasonable bona fide effort to pay or, if he has made such effort, that an alternative punishment will not satisfy the penalogical interests of the government. The same constitutional protection applies to § 3579(g). *See United States v. Keith,* 754 F.2d at 1391; *United States v. Satterfield,* 743 F.2d 827, 842–43 (11th Cir. 1984).

Finally appellant contends that he was deprived of his Fifth Amendment right to equal protection of the laws by the restitution order since co-defendants who have allegedly equal or greater culpability and equal financial circumstances were not likewise required to make restitution.

Charges were dropped against three defendants. Three other defendants, in accordance with a plea bargain, pleaded guilty and testified at the defendant's trial. No restitution was required of them. Defendant and two others were tried and convicted. Restitution was required of defendant and one co-defendant.

■ District courts are accorded broad discretion in ordering restitution. *See, e.g., United States v. Pomazi,* 851 F.2d 244, 249 (9th Cir.1988); *United States v. Richard,* 738 F.2d 1120, 1122 (10th Cir.1984). Generally, "once it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Dorszynski v. Unit-*

*ed States,* 418 U.S. 424, 431–32, 94 S.Ct. 3042, 3046–47, 41 L.Ed.2d 855 (1974). 18 U.S.C. § 3579(a)(1) and (b)(1) make each defendant subject to liability to make restitution to any victim for the full amount of the victim's loss. The restitution required in this case was substantially less than that claimed to be due by the government and well within the limitations of the statute. The simple fact that like punishment was not imposed on other defendants does not offend the constitution. *United States v. Palma,* 760 F.2d 475, 478 (3d Cir.1985). The court has complete discretion to consider the relative degrees of responsibility of co-defendants in imposing restitution obligations but this is not a necessary factor either as a constitutional or statutory requirement. *See United States v. Anglian,* 784 F.2d 765, 768 (6th Cir.), *cert. denied,* 479 U.S. 841, 107 S.Ct. 148, 93 L.Ed.2d 89 (1986).

Finding no abuse of discretion, the judgment appealed from is AFFIRMED.