**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard STAFFORD,**
**Defendant–Appellant.**

No. 89–6032
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1990.

Joseph C. Hawthorn, Beaumont, for defendant-appellant.

John B. Stevens, Asst. U.S. Atty., Bob Wortham, U.S. Atty., Beaumont, Tex., for plaintiff-appellee.

Before REAVLEY, KING, and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

Richard Stafford entered a plea of guilty to one count of bank fraud in violation of 18 U.S.C. § 1344. In addition to a twenty-one month prison sentence, Stafford was assessed a fine in the amount of $250,000 which was suspended, conditioned on his making restitution in the amount of $250,-000. Stafford has timely appealed the assessment of the fine and restitution order. We affirm.

I. FACTS AND PROCEDURAL HISTORY

Stafford was a vice president of MBank Port Arthur at the time the offense was committed. He was also a silent partner with Steven L. Byrd in a building materials importing company called Mitchell Imports, which did business as Houston Anazonex.

While Stafford was a loan officer, he approved a loan to Houston Anazonex for $81,000. The loan was fictitious, as Stafford had forged the papers and had used as collateral a Certificate of Deposit belonging to Karen Russell, without her knowledge or permission.

A few months later, Stafford made a $250,000 line-of-credit loan to Mitchell Imports using a $350,000 Certificate of Deposit owned by Vicki Astley, without her knowledge or permission. Stafford then left MBank for unspecified reasons, and the $250,000 loan was renewed and an addi-

tional $50,000 line-of-credit was extended to Byrd, again using Ms. Astley's Certificate of Deposit as collateral. Stafford gave the bank the collateral agreement with Astley's forged signature.

Months later, Stafford issued an irrevocable letter of credit for $106,000 to a Brazilian bank to secure another loan on behalf of Mitchell Imports. MBank suffered a loss from this transaction of $58,600. MBank's total loss was $439,600. MBank has since been taken over by Federal Deposit Insurance Corporation, and the bank is now known as BancOne Texas, N.A.

Stafford waived indictment and pleaded guilty to a one count information, charging bank fraud in violation of 18 U.S.C. § 1344. Stafford was sentenced to twenty-one months' imprisonment with three years' supervised release. He was assessed a fine of $250,000, which was suspended, conditioned upon his making restitution in the amount of $250,000. After requesting the trial judge to make findings regarding the assessment of restitution or a fine, the judge entered such findings. Stafford filed a timely notice of appeal.

## II. DISCUSSION

Stafford contends that he has no present ability or realistic future ability to pay restitution or a fine of $250,000 and that the imposition of such a requirement was therefore improper. To support this argument, Stafford refers to his negative net worth and his negative cash flow, as presented in his presentence investigation report.

18 U.S.C. § 3664(a) (formerly 18 U.S.C. § 3580) mandates that the district court "consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate."

This Court has recently considered the argument proffered by Stafford. In *United States v. Ryan*, 874 F.2d 1052, 1054 (5th Cir.1989), it was held that a defendant's

"indigency at the time restitution is ordered is not a bar to the requirement of restitution." The Court rejected the defendant's argument that his inability to pay restitution puts him at risk for parole revocation, citing the Supreme Court's ruling in *Bearden v. Georgia*, 461 U.S. 660, 672, 103 S.Ct. 2064, 2072, 76 L.Ed.2d 221 (1983), that a defendant may not be incarcerated for failure to pay restitution or a fine unless there is a factual determination that the defendant has not made a reasonable bona fide effort to pay. Further, Stafford's contention that the full amount is due immediately is belied by references made by the district court judge at sentencing to a payment schedule.

"The defendant's financial resources are only one factor to be considered in a nonexhaustive list provided by the statute." *United States v. Hughey*, 877 F.2d 1256, 1266 (5th Cir.1989), *cert. granted on other issue*, — U.S. ——, 110 S.Ct. 716, 107 L.Ed.2d 736 (1990). In this case, the judge amply justified his order. He pointed to the letter written to him by Stafford's parents and in-laws, in which they offered to pay $150,000 to aid in restitution. Although the letter stated that they would be willing to provide those funds only if Stafford was not sentenced to a term of imprisonment, the judge felt that the funds were available to be loaned to Stafford nonetheless. The judge also stated that Stafford's chief source of income is from the company into which Stafford funnelled the money. The judge pointed to the possibility that Mitchell Imports will prosper, based on Stafford's interview conducted for the preparation of the Presentence Report, in which Stafford expressed his optimism for the company. Finally, the court noted that the family had no unusual needs and that Stafford's Master's degree of Business Administration provides him with adequate earning capacity, despite his conviction. The judge warned Stafford of the possibility of a fine or restitution prior to accepting his guilty plea.

## III. CONCLUSION

The judge sufficiently considered the statutory factors listed in section 3664(a).

No reversible error has been shown; we affirm.

AFFIRMED.