UNITED STATES of America,
Plaintiff–Appellee,

v.

David Alan BATES and Rick Lee
Archer, Defendants–Appellants.

No. 89–2558
(Summary Calendar).

United States Court of Appeals,
Fifth Circuit.

March 7, 1990.

Carl E. Lewis (Court-appointed), Corpus Christi, Tex., for David Bates.

Richard W. Rogers, III, (Court-appointed), Corpus Christi, for Rick Archer.

Paula C. Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Brett L. Grayson, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Convicted of aggravated bank robbery, 18 U.S.C. § 2113(a), (d), and (e), David Alan Lee Bates and Rick Lee Archer appeal their sentences. Finding that the district court erroneously sentenced Archer twice for violating section 2113, we vacate one of his sentences, but in all other respects affirm.

## Background

Bates and Archer robbed a federally insured bank in Corpus Christi, Texas at gunpoint, escaping with over $48,000. Upon leaving the bank they abandoned their stolen Hyundai and commandeered 71-year-old Lowell Mosely's Chrysler, forcing Mosely into the car with them. A short distance away they released Mosely and left town. Spotting a state trooper in pursuit Archer, who was driving, told Bates "to get him off my ass." Bates fired at the trooper's vehicle. Archer evaded the trooper but a San Patricio County deputy sheriff took up the chase. Bates shot at the deputy. A total of 11 shots were fired at the two law enforcement officials.

Continuing their flight the defendants abandoned the Chrysler and took command at gunpoint of a pickup truck. With law enforcement officials in pursuit they deserted the pickup and forcefully took still another vehicle, again displaying guns. Their next stop was a farmhouse where they found two teenage boys. Brandishing their firearms they cut the telephone wires and stole a Jeep. A state police helicopter located defendants at still another farmhouse, where they were attempting to steal yet another vehicle. They finally were overwhelmed and arrested.

Bates and Archer were indicted for robbery of a federally insured bank using dangerous weapons, 18 U.S.C. § 2113(a), (d); taking Mosely hostage in the course of their flight, 18 U.S.C. § 2113(e); and carrying a firearm during the robbery, 18 U.S.C. § 924(c)(1). In exchange for a guilty plea to a single-count superseding information charging armed bank robbery and taking a hostage, the government agreed to dismiss the firearm charge and to stand silent at Bates' sentencing. Archer agreed to plead guilty to armed bank robbery in exchange for the government's agreement to drop the firearm count and to stand mute at sentencing, but sought a bench trial on the hostage count. He was tried and found guilty.

The district court departed upwards from the Sentencing Guidelines and sentenced Bates to prison for 300 months and imprisoned Archer for 240 months. In addition, the court sentenced Archer to a second 240-month term, to run concurrent with the first, for his hostage conviction. Both defendants timely appealed.

## Analysis

■ We first address Archer's challenge to his double sentence. The government candidly agreed that the sentence under Count 1 should be vacated. Unlike Bates, who was convicted by guilty plea of a one-count information, Archer was convicted of one count of armed bank robbery by guilty plea and one count of taking a hostage after a bench trial. While separate convictions on subsections (a), (d), and (e) of section 2113 may stand, a defendant may receive no more than one penalty. *Keel v. United States*, 585 F.2d 110 (5th Cir.1978) (en banc); *Sullivan v. United States*, 485 F.2d 1352 (5th Cir.1973); *Forrester v. United States*, 456 F.2d 905 (5th Cir.), *cert. denied*, 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101 (1972). In line with our precedent, we vacate Archer's 240-month sentence for armed bank robbery, 18 U.S.C. § 2113(a), (d). However, his 240-month sentence for taking a hostage in connection with armed bank robbery, 18 U.S.C. § 2113(a), (d), (e), the most aggravated form of the bank robbery offense, is affirmed.

■ Both defendants contest the district court's departure from the Guidelines. Our review is governed by 18 U.S.C. § 3742(e), which requires that we accept the district court's findings of fact unless clearly erroneous and affirm a sentence outside the applicable Guideline range unless unreasonable. *United States v. Mejia-Orosco*, 867 F.2d 216 (5th Cir.), *cert.*

*denied,* —— U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989). Applying these standards we find no error.

A court may depart from the Guidelines on the basis of factors that were not considered therein or factors that were considered but were not adequately accounted for by Guidelines adjustments. 18 U.S.C. § 3553(b), Guideline § 5K2.0. The court must provide reasons for its departure which conform to underlying Guidelines policies. 18 U.S.C. § 3553(c); *Mejia–Orosco.*

■ The district court found that the applicable Guidelines range was 168 to 210 months for Bates and 151 to 188 months for Archer. These calculations included a five-step increase in offense level for discharge of a firearm pursuant to Guideline § 2B3.1(b)(2)(A) and a four-step increase for abduction of a hostage pursuant to Guideline § 2B3.1(b)(4)(A). The court then departed upward from the applicable Guidelines ranges, explaining Bates' sentence as follows:

> The court has focused on and does focus on the events of the robbery and the events thereafter. And the picture of what occurred to the court is one of violence and terrorism. The persons at the bank were terrorized by the pointing of the firearms.
>
> Mr. Mosely was an elderly gentleman, minding his own business, and put ... in obvious fear of his life. And after that, the travel over the highways of the State of Texas going to people's farmhouses and stealing cars, frightening children and ladies....
>
> During that flight across the highways of the State of Texas, Neuces and San Patricio County, shots were fired at law enforcement officers. And in considering that conduct against the guidelines, the court finds that the guidelines do not include certain aspects of this crime. And those include the terrorizing the people at their homes.... [They do] not include the fact that shots were fired at law enforcement officers.

As to Archer, the court explained:

> The court has departed from the guidelines upward from 188 to 240 months for

essentially the same reasons that were given in the Bates sentencing. That is to say that there was an atmosphere of terror created in the bank, on the streets. Shots were fired—not only were shots fired, which is taken care of here in the presentence investigation, but they were fired at police officers in the line of duty—homes were invaded, property taken from private citizens, including minors.

> And the court does not believe that the facts of the guidelines adequately take into account these matters. ... [T]he court in departing from the guidelines adds the additional months to reflect the danger to the community that occurred, not only to the community being shot at who was being terrorized, but those people simply on the highway that had to undergo the exposure to this kind of activity.

On the basis of these statements, both defendants contend that the district court erroneously relied on factors already considered by the Guidelines to justify its departure, namely, the atmosphere of terror created at the bank by brandishment of firearms and the abduction of Mosely. We find, however, that the court adequately specified factors not considered by the Guidelines as the primary reasons for its departure, to wit, the deadly fire directed at law enforcement officials in the course of their flight, endangering other persons on the highway and terrorizing people while invading their homes and stealing their vehicles. *Cf. United States v. Geiger,* 891 F.2d 512 (5th Cir.1989). These factors render defendants' conduct substantially more egregious than that involved in the "ordinary" bank robbery, and are permissible grounds for departure. Moreover, the sentences imposed pursuant to the departures are not unreasonable. 18 U.S.C. § 3742(e)(3).

■ Archer insists that the conduct during flight from the bank was not part of his offense and should not have been considered by the court. This argument is

devoid of merit. Trial courts have wide latitude in determining the type of information that they may consider in sentencing. *United States v. Fulbright,* 804 F.2d 847 (5th Cir.1986). Guideline § 1B1.3 provides that efforts to escape detection or responsibility for an offense are to be considered in determining the Guideline offense level, while in *United States v. Salazar–Villarreal,* 872 F.2d 121 (5th Cir.1989), we affirmed an upward departure from the Guidelines based on a defendant's attempt to escape apprehension and injury to others in the process. The district court was entitled, if indeed not required, to consider conduct during flight in imposing sentence.

Similarly unfounded is Archer's argument that consideration of his conduct during flight usurps state authority because this conduct is addressed by state law. Consideration of this conduct in sentencing for the federal offense interposes no bar to subsequent state prosecution. *See Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959) (successive federal and state prosecutions for same conduct constitutionally permissible); *United States v. Patterson,* 809 F.2d 244 (5th Cir.1987) (same); *cf. United States v. Bowdach,* 561 F.2d 1160 (5th Cir.1977).

Bates' sentence is AFFIRMED; Archer's sentences are AFFIRMED in part and VACATED in part.