**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-50612
Summary Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

            VERSUS


        HASHIM ESTEBAN THOMAS, JULIUS RAY SEPHUS, JR.
             AND STEVEN LEE THOMAS, II,

                                        Defendants-Appellants.

_____

        Appeal from the United States District Court
            for the Western District of Texas
_____

June 10, 1996

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[1]

     Hashim Esteban Thomas, Julius Sephus, and Steven Lee Thomas, II, appeal their convictions for bank robbery, use of a firearm in connection with the robbery (Sephus and Steven Thomas), and carjacking (Sephus).  We AFFIRM in part, REVERSE in part and RENDER.

---

     [1] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

**I.**

Hashim Thomas, Julius Sephus, and Steven Thomas conspired with 9 other individuals[2] to rob the Normangee State Bank in Normangee, Texas. The heavily armed group of 12 traveled from Houston, Texas, to Normangee in three cars and made final plans for the robbery at Hopewell Cemetery, just outside Normangee. As they prepared for the robbery, the group distributed gloves, ski masks, bandannas, and bullet proof vests amongst themselves.

The group twice traveled from the cemetery into town only to discover the bank was not yet open. The group, frustrated that the bank was not yet open, gathered again at the cemetery and some of them went to a convenience store to buy beer. Steven Thomas argued that they should rob the convenience store and kill everyone inside so there would be no witnesses. No one would help Steven rob the store and the group ultimately agreed to rob the bank as originally planned.

The third time the group arrived at the bank, it was open. Steven Thomas, armed with a pistol, entered the bank first. Several other members of the group, including Hashim Thomas and Sephus, entered the bank after Thomas. Two of the getaway cars left the scene during the robbery; consequently, when the group exited the bank, only one car, a Honda Accord, was there.

---

[2] Jeralene Valverde, Dennis Castaneda, Demetrius Guzman, James Tyrone Hoskins, Anthony J. Coleman, Marquez Marquette Jones, Rudolfo Alonzo, Jr., Ronnie Donyell Harris, and Gary Harris.

2

Everyone was forced to pile into the Honda Accord, with two members of the group riding in the trunk.

As they left the area, shots were fired from the passenger side of the Honda. A truck pursued the Honda and Demetrius Guzman, who was riding in the trunk, fired at it. As the group returned to the cemetery, Sephus was "looking for a car to jack." They saw a small grey vehicle in the cemetery ahead of them driven by Mrs. Ruby Parker, an elderly woman. Sephus approached the car, tapped on the window, and ordered Mrs. Parker out of the car. When she attempted to drive away, Sephus shot and killed her. Steven Thomas and Guzman left in Mrs. Parker's car, and the remainder of the group left in the Honda.

Nearly all of the group pleaded guilty. Hashim Thomas, Sephus, and Steven Thomas proceeded to trial. The jury convicted Hashim Thomas of bank robbery in violation of 18 U.S.C. § 2113 (a) & (d). The jury convicted Sephus of bank robbery in violation of 18 U.S.C. § 2113 (a) & (d) and also in violation of § 2113 (a) & (e), two counts of using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1), and carjacking in violation of 18 U.S.C. § 2119. Finally, the jury convicted Steven Thomas of bank robbery, in violation of 18 U.S.C. § 2113 (a) & (d), and use of a firearm during a crime of violence, in violation of 18 U.S.C. §924(c)(1).

The district court sentenced Hashim Thomas to 240 months' imprisonment and 3 years' supervised release. The court sentenced Sephus to life for the bank robbery conviction under subsections (a) & (e) and the carjacking conviction, 300 months'

3

imprisonment for the bank robbery conviction under subsections (a) & (d), to run concurrently with his convictions for bank robbery and carjacking, and to 60 months' imprisonment on each of the two firearm convictions, to run consecutively to the bank robbery and carjacking convictions. The court sentenced Steven Thomas to 300 months' imprisonment for bank robbery under § 2113 (a) & (d) and to 60 months' imprisonment for the firearm conviction, to be served consecutively. The court also ordered restitution of $126,558.64 jointly and severally payable by all the participants in the robbery. The appellants assert various errors on appeal.

## II.

### A. Multiplicitous indictment of Sephus

The jury convicted Sephus of bank robbery under § 2113 (a) & (d) (count 1) and § 2113 (a) & (e) (count 2). Sephus contends that his sentence for bank robbery under § 2113 (a) and (e) must be vacated because the indictment was multiplicitous.

Sephus did not raise this issue in the district court. A defendant may challenge his convictions as multiplicitous for the first time on appeal provided the sentences are not to be served concurrently. United States v. Galvan, 949 F.2d 777, 781 (5th Cir. 1991). If monetary assessments under 18 U.S.C. § 3013 are imposed on separate counts of conviction, the sentences are not concurrent, and the issue of multiplicity of sentences may be raised for the first time on appeal. Id.

Sephus may raise the multiplicity of sentences issue on appeal because even though his life sentence for the conviction

4

under § 2113 (a) and (e) and his 300 month term of imprisonment for the conviction under § 2113 (a) and (d), run concurrently, the court also imposed a $50 special assessment on each count.

The Government concedes that Sephus' sentences on counts 1 and 2 are multiplicitous but argues that under a plain error analysis, the $50 monetary assessment on count two does not rise to the level of plain error. This court has held, without reference to plain error, that although there may be separate convictions under subsections (a), (d), and (e) of § 2113, the court may not impose more than one penalty. United States v. Bates, 896 F.2d 912, 913 (5th Cir.), cert. denied, 496 U.S. 929, 942 (1990). The two special assessments are two penalties under § 2113.

We agree with both parties that count 2 is multiplicitous. Accordingly, we reverse Sephus' conviction under Count 2 of the indictment, vacate the portion of his sentence attributable to that count (300 months' imprisonment and $50 of Sephus' special assessment) and affirm his sentence under count 1 (life imprisonment).[3]

## B. Testimony about plans to rob the convenience store

All three appellants contend that the district court erred when it allowed testimony about the group's discussion, just

---

[3] We need not remand to the district court for resentencing on count 1 because neither party requests such a remand and we have no doubt that the district court will impose the same sentence even if we do remand for resentencing. See United States v. Hord, 6 F.3d 276, 280 n.8 (5th Cir. 1993).

prior to the bank robbery and carjacking, of whether it should rob a convenience store and murder the store's patrons instead of robbing the bank.

This court reviews decisions on the admissibility of evidence for abuse of discretion. United States v. Fortenberry, 919 F.2d 923, 925 (5th Cir. 1990), cert. denied, 499 U.S. 930 (1991). Even if error is shown, however, it is subject to a harmless error analysis. United States v. Jimenez Lopez, 873 F.2d 769, 771 (5th Cir. 1989). An error is harmless if the reviewing court is sure, after viewing the entire record, that the error did not influence the jury or had a very slight effect on its verdict. United States v. Rodriquez, 43 F.3d 117, 123 (5th Cir.), cert. denied, 115 S. Ct. 2260 (1995). Harmless error analysis also includes an inquiry into whether a curative instruction was given and whether the properly admitted evidence is overwhelming. United States v. Pace, 10 F.3d 1106, 1116 (5th Cir. 1993), cert. denied, 114 S. Ct. 2180 (1994).

We need not decide whether the district court abused its discretion by admitting the "other act" evidence because, even if we assume that admission of the challenged testimony was error, the error was harmless. The challenged testimony was a few brief sentences from two of the group members and probably had no effect on the jury's verdict given the overwhelming evidence of the appellants' guilt, which included the inculpatory testimony of six of their codefendants. Moreover, the trial court promptly provided a limiting instruction admonishing the jury on how it could use the testimony.

## C. Sufficiency of the evidence to convict Steven Thomas

Steven Thomas argues that although he "may have" gone into the bank, there is insufficient evidence to show that he carried a gun or committed a robbery by force, violence, or intimidation. Steven acknowledges the testimony of his co-conspirators which uniformly placed him inside the bank holding a gun but contends that this testimony is somehow not credible and notes that none of the bank employees who testified indicated that he entered the bank or carried a weapon.

In reviewing the sufficiency of the evidence, this court must determine whether any reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992), cert. denied, 507 U.S. 943 (1993). Reasonable inferences are construed in accordance with the jury's verdict and the jury is solely responsible for determining the weight and credibility of the evidence. Id. at 161. A guilty verdict may rest upon the uncorroborated testimony of co-conspirators unless the testimony is facially incredible. United States v. Bermea, 30 F.3d 1539, 1552 (5th Cir. 1994), cert. denied, 115 S. Ct. 1825 (1995). This court will not substitute its own determination (or that of Steven Thomas) for that of the jury. Martinez, 975 F.2d at 161.

The uniform testimony of Steven Thomas' co-conspirators established that: Steven entered the bank first, carried a gun, drew the gun once he was inside the bank, and emerged from the bank's vault with his arms full of money. The jury obviously credited this testimony. Steven's sufficiency argument fails

because a rational jury could have found him guilty of the crimes charged.

**D. Sufficiency of the evidence - Sephus' carjacking conviction**

Sephus contends that the Government failed to prove by sufficient evidence that he "took" a car from the person and presence of Ruby Parker as required under 18 U.S.C. § 2119.[4] Sephus contends that even though he shot Mrs. Parker, he did not exercise any control over her vehicle or leave in her vehicle and, thus, did not "take" her car within the meaning of the statute. Sephus alternatively argues that even if "taking" requires only the exercise of dominion or control without asportation (an appreciable change of location of the property), there was insufficient evidence to show that he exercised dominion over Mrs. Parker's vehicle.

Sephus failed to move for a judgment of acquittal. Therefore, Sephus' sufficiency-of-the evidence claim is reviewable only to determine whether there was a manifest miscarriage of justice. See United States v. Laury, 49 F.3d 145, 151 (5th Cir.), cert. denied, 116 S. Ct. 162 (1995). Such exists only if the record is devoid of evidence pointing to guilt, or

---

[4] Section 2119, the carjacking statute, provides: [w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, . . . .
18 U.S.C. § 2119 (emphasis added).

8

because the evidence on a key element of the offense is so tenuous that a conviction would be shocking.  Id.

As Sephus himself notes, there was testimony that he "was looking for a car to jack," he ordered Mrs. Parker out of the car, and he shot her when she failed to comply.  Through his actions, Sephus deprived Mrs. Parker of her car.  The mere fact that other members of the group physically drove the car away from his carjacking does not render the conviction "shocking."

## E. Sentencing of Steven and Hashim Thomas

Hashim and Steven Thomas argue that the murder statute under which they were sentenced, 18 U.S.C. § 1111, is unconstitutionally vague.[5]  Section 1111 provides that "[m]urder is the unlawful killing of a human being with malice aforethought."  18 U.S.C. § 1111.  Hashim and Steven contend that the phrase "malice aforethought" is incomprehensible to the average person, facially fails to provide any guidelines to what constitutes "malice aforethought," and leads to erratic decisions.

Penal statutes must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage

---

[5]  Hashim and Steven were convicted of bank robbery in violation of 18 U.S.C. § 2113 (a) & (d).  The applicable sentencing guidelines, found at U.S.S.G. § 2B3.1, provide that if a victim is killed under circumstances that would constitute murder under § 1111 had the killing taken place within the territorial jurisdiction of the U.S., the first degree murder guideline, § 2A1.1, applies.  Accordingly, Hashim and Steven were sentenced under § 2A1.1.

9

arbitrary and discriminatory enforcement."  <u>Buckley v. Collins</u>, 904 F.2d 263, 266 (5th Cir.), <u>cert. denied</u>, 498 U.S. 990 (1990) (alteration in original), (quoting <u>Kolender v. Lawson</u>, 461 U.S. 352, 357 (1983)).  Since neither Steven nor Hashim raised the void-for-vagueness argument below, we review for plain error.

"Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed."  <u>United States v. National Dairy Prod. Corp.</u>, 372 U.S. 29, 32 (1963).  Section 1111 is clear enough that a reasonable person contemplating a murder in cold blood, such as Sephus' murder of Ruby Parker, would understand that his conduct was proscribed.  The Thomases fail to show error, plain or otherwise.

**F. Restitution required of Steven Thomas & Hashim Thomas**

Appellants Steven and Hashim Thomas argue that the district court failed to consider their ability to pay restitution when it entered a restitution order of $126,558.64, payable jointly by all the participants in the robbery.  Hashim also contends that the court gave no indication of what the factual basis was for its decision. Steven and Hashim did not challenge the order of restitution in the district court so we review for plain error.

The sentencing guidelines provide that restitution shall be ordered for violations of Title 18.  U.S.S.G. § 5E1.1 (1994) (referring the sentencing court to 18 U.S.C. § 3664).  Sentencing judges are accorded broad discretion in ordering restitution and are not required to make specific findings on each factor listed

10

in § 3664. See United States v. Ryan, 874 F.2d 1052, 1054 (5th Cir. 1989). The defendant has the burden of proving that he cannot pay restitution by objecting and requesting specific findings concerning his ability to pay. United States v. Reese, 998 F.2d 1275, 1281 (5th Cir. 1993); 18 U.S.C. § 3664(d).

Hashim and Steven Thomas have failed to show that the district court plainly erred by ordering them to pay restitution. Calverley, 37 F.3d at 162-63. Their only argument is that they will have bleak employment prospects upon their release. This, in itself, is not enough to render a restitution order illegal or plainly erroneous. United States v. Stafford, 896 F.2d 83, 84 (5th Cir. 1990).


## Conclusion

Julius Sephus' indictment for bank robbery under 18 U.S.C. § 2113 (a) and (e) was improperly multiplicitous. The district court did not err in admitting testimony of the defendants' plans to rob a convenience store and kill its customers. The evidence was sufficient to convict Steven Thomas of bank robbery, use of a firearm in connection with a crime of violence, and aiding and abetting and was sufficient to convict Sephus of carjacking even though he did not move Mrs. Parker's car. The sentences of Steven and Hashim Thomas were proper and the order of restitution was not plain error. Accordingly, we REVERSE Sephus' conviction under § 2113 (a) and (e) and the resulting 300 month sentence and $50 special assessment, AFFIRM Sephus' life sentence for his

11

conviction under § 2113 (a) and (d), and AFFIRM the convictions of Steven and Hashim Thomas in all respects.

AFFIRMED in part, REVERSED in part and RENDERED.