# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10222
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

SARA HAVENS,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-294-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Sara Havens appeals the order of restitution imposed on her conviction

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of conspiracy to deal in counterfeit obligations or securities or money orders. Havens maintains that the appeal waiver in her plea agreement did not encompass restitution because restitution was not expressly included in the waiver provision and the magistrate judge did not advise her during rearraignment that the imposition of a restitution award was mandatory under the Mandatory Victim Restitution Act ("MVRA") or that the waiver included restitution.

Appellate review of an appeal waiver is *de novo*. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). The determination whether a general appeal waiver bars a challenge to a restitution order is fact-specific and requires an examination of the record to ascertain whether the defendant was adequately advised that his sentence included the obligation to pay restitution. *See id.* at 755–56. This court considers "the whole of the record—specifically, the plea agreement and the appeal waiver, the [presentence report], the district court's statements to [the defendant] at sentencing and rearraignment, and [the defendant's] statements at sentencing"—in determining whether the appeal waiver included restitution. *Id.* at 756.

In defining the term "Sentence," Havens's plea agreement provided that the maximum penalties that could be imposed included "restitution to victims or to the community, which may be mandatory under the law, and which Havens agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone[.]" During the rearraignment, Havens acknowledged that she fully understood the plea agreement and that she was giving up her rights to appeal her sentence except for the listed limited circumstances.

At rearraignment, the prosecutor reiterated that the maximum penalties that could be imposed included restitution. Havens indicated to the magistrate judge that she understood that she was subject to all the penalties explained

No. 14-10222

to her and also expressed concern about her financial ability to pay restitution. The presentence report ("PSR") stated that the under the MVRA, the district court was required to order Havens to pay restitution of $15,240.01, and Havens did not file any written or oral objections to that recommendation. Nor did she object after the court imposed the recommended restitution.

The plea agreement, PSR, and the record of the rearraignment proceeding, including Havens's comments, reflect that she was made aware that a restitution order would potentially be part of her sentence. The record demonstrates that she knowingly and voluntary waived her right to appeal any restitution order entered at sentencing, so she is barred from doing so. *See Keele*, 755 F.3d at 755−56.

In any event, insofar as Havens suggests that the district court erred in failing to make her liability for restitution joint and several with that of her alleged coconspirators, the applicable statute does not make a joint-and-several award mandatory, and Havens has not demonstrated that the court abused its broad discretion or plainly erred in not imposing joint and several liability against the unidentified coconspirators. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); 18 U.S.C. § 3664(h); *United States v. Arledge*, 553 F.3d 881, 899−900 (5th Cir. 2008); *United States v. Ryan*, 874 F.2d 1052, 1054−55 (5th Cir. 1989).

The order of restitution is AFFIRMED.