# United States Court of Appeals for the Fifth Circuit

————————

No. 23-20371
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kenneth Anim,

*Defendant—Appellant*.

—————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-321-1

—————————————————————

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Kenneth Anim pleaded guilty, pursuant to a written plea agreement containing an appeal waiver, to operating an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960. He challenges the restitution order, totaling $2,233,265.25, as improperly calculated and in excess of the statutory maximum.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20371

The Government seeks to enforce Anim's appeal waiver. He contends the waiver is not enforceable because the restitution order exceeded the statutory maximum. Although the at-issue waiver contained no exceptions, "an otherwise valid appeal waiver is not enforceable to bar a defendant's challenge on appeal that his sentence, including the amount of a restitution order, exceeds the statutory maximum, notwithstanding the lack of an express reservation to bring such a challenge". *United States v. Kim*, 988 F.3d 803, 811 (5th Cir. 2021). Accordingly, Anim's "challenge to the legality of his restitution order is not barred, and we can consider the merits of his argument". *Id.*

On the other hand, because Anim did not object to the restitution order in district court, review is only for plain error (as he concedes). *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Anim first contends the court plainly erred by failing to undertake the proximate-cause analysis outlined in *Paroline v. United States*, 572 U.S. 434 (2014). But, as he recognizes, *Paroline* addressed how to calculate and apportion restitution for victims of various offenses related to child pornography under 18 U.S.C. § 2259. *See Paroline*, 572 U.S. at 439, 443–48 (construing statute); *United States v. Sheets*, 814 F.3d 256, 261 (5th Cir. 2016) ("*Paroline* solely involve[d] . . . whether restitution may be imposed under the circumstances of that case".). He contends *Paroline*'s reasoning can be extended to his restitution order under a different statutory provision. Because "an error is not plain if it requires the extension of precedent",

2

however, Anim does not show the requisite clear-or-obvious error. *United States v. Vargas-Soto*, 700 F.3d 180, 182 (5th Cir. 2012).

Next, Anim contends the court erred by holding him responsible for the victims' losses despite his limited role in the conspiracy and lack of assets. As discussed *supra*, review is again only for plain error.

The court ordered the restitution under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A(c)(1)(A)(ii), and Anim does not contend that decision was erroneous. "[T]he MVRA imposes joint liability on *all* defendants for loss caused by others participating in the scheme." *United States v. King*, 93 F.4th 845, 854 (5th Cir. 2024) (alteration in original) (citation omitted), *petition for cert. docketed sub nom. Diggs v. United States* (U.S. 30 May 2024) (No. 23-7592). The court is required to "order restitution to each victim in the full amount of each victim's losses . . . without consideration of the economic circumstances of the defendant". 18 U.S.C. § 3664(f)(1)(A). Although a court "*may* apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant", Anim does not show the court plainly erred by failing to do so. *Id.* § 3664(h) (emphasis added); *see also United States v. Havens*, 597 F. App'x 785, 787 (5th Cir. 2015) (rejecting similar contention).

AFFIRMED.