# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11473
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 2, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CEDRIC CHARLES WITCHER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-567-14

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Cedric Charles Witcher pleaded guilty, pursuant to a plea agreement, to one count of distribution of cocaine base. The plea agreement included a waiver of Witcher's right to appeal his sentence. He reserved the right to appeal a sentence above the statutory maximum or an arithmetic error at sentencing, to challenge the voluntariness of his guilty plea or the waiver, or to raise a claim of ineffective assistance of counsel. The district court granted the Government's motion for an upward departure and sentenced Witcher to 120 months in prison.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11473

Witcher argues that the appeal waiver should not be enforced on various bases. We review de novo whether an appeal waiver provision bars an appeal. *See United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014); *United States v. Baymon,* 312 F.3d 725, 727 (5th Cir. 2002).

According to Witcher, the appeal waiver does not bar him from appealing constitutional violations at sentencing or asserting that his sentence was based on insufficient proof. He contends that, to the extent that the waiver bars such claims, he did not knowingly and freely agree to the waiver. However, the plea agreement and his averments to the district court at rearraignment reflect that he knowingly and willingly agreed to waive his right to appeal under the terms of the waiver. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). His sentencing claims are covered by the waiver and cannot be reviewed. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). He may not assert the claims on the basis that he did not anticipate the purported constitutional violations or the imposition of an allegedly invalid sentence. *See United States v. Melancon*, 972 F.2d 566, 567-68, 572 (5th Cir. 1992).

Further, Witcher argues that the appeal waiver is unenforceable because he seeks to challenge the reasonableness and thus the legality of his sentence. However, we have upheld broad appeal waivers, *see United States v. Pizzolato*, 655 F.3d 403, 405 (5th Cir. 2011), and his proposed claims are encompassed by the scope of the appeal waiver in this case. *See id.*; *Bond*, 414 F.3d at 544-46. Enforcement of the waiver does not violate public policy. *See Melancon*, 972 F.2d at 567.

Witcher additionally contends that the waiver is unenforceable under a miscarriage-of-justice exception. However, his claim lacks merit. He has failed to identify the contours or legal basis of such an exception or establish that we should apply the exception, which we have not recognized, for the first time in this case. Regardless, even if such an exception existed, Witcher seeks to raise

No. 18-11473

the type of claims against which we have enforced waivers and, therefore, he has not established that his claims would qualify for any such exception. *See, e.g.*, *United States v. Keele*, 755 F.3d 752, 756-57 (5th Cir. 2014); *United States v. Alvarado-Casas*, 715 F.3d 945, 955-56 (5th Cir. 2013); *Pizzolato*, 655 F.3d at 412; *United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002) (28 U.S.C. § 2255 case); *cf. Melancon*, 972 F.2d at 567 (holding that defendant may waive constitutional rights pursuant to plea agreement).

Finally, Witcher maintains that the appeal waiver is invalid because the Government breached the plea agreement. He asserts that the Government's motion for an upward departure based on uncharged conduct was contrary to its promises not to bring any further charges against him and to dismiss any remaining charges. We review his contention for plain error. *See United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014).

Witcher's claim of a Government breach is not plainly supported by the record or a reasonable interpretation of the plea agreement. Also, the available caselaw does not support his position that a motion for an upward departure is tantamount to the prosecution of a criminal offense. Thus, he has not shown that it is clear or obvious that the Government breached the plea agreement. *See Puckett v. United States,* 556 U.S. 129, 135 (2009); *United States v. Salinas*, 480 F.3d 750, 758-59 (5th Cir. 2007).

AFFIRMED.