# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-10551

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICKY J. KEELE,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before STEWART, Chief Judge, and JOLLY and SMITH, Circuit Judges.

CARL E. STEWART, Chief Judge:

IT IS ORDERED that the opinion previously filed in this case, *United States v. Keele*, No. 12-10551, 742 F.3d 192 (5th Cir. Jan. 7, 2014), is WITHDRAWN. The following opinion is substituted therefor:

Defendant-Appellant Ricky J. Keele pled guilty to a superseding information that charged him with removing property to prevent seizure and aiding and abetting in violation of 18 U.S.C. §§ 2232(a) and 2. The district court sentenced Keele and ordered restitution. Despite the general appeal waiver provision contained in his plea agreement, Keele now challenges the district court's restitution order, arguing that it was not encompassed by his appeal waiver. We dismiss.

No. 12-10551

**FACTS**

Keele was charged in a superseding bill of information with helping Matthew Simpson dispose of, transfer and conceal a $1,500,000 cashier's check from Citizens Bank of Texas in order to prevent the funds from being seized by the Government.  Keele waived his right to an indictment and entered into a written agreement to plead guilty to the superseding information.  The plea agreement set maximum sentencing exposure at 24 months and included restitution to the victims arising from "all relevant conduct" and was not limited to the conduct arising from the offense of conviction alone.  The plea agreement also contained an appeal waiver which stated that Keele waived the right to appeal his conviction and sentence except in the case of a sentence in excess of the statutory maximum, an involuntary plea or appeal waiver, or ineffective assistance affecting the voluntariness of the plea or appeal waiver.

The presentence report ("PSR") described a long term, complex conspiracy, perpetrated by Keele, Simpson, Michael Faulkner and sixteen other co-defendants, to defraud telecommunication companies of property and services and to defraud individual victims of money, property, and services.  Five victim impact statements referenced in Keele's PSR contained losses totaling $3,691,102.70.  However, according to the second, third and fourth superseding information, the aggregate loss of all victims of the conspiracy was estimated to be between $15,000,000 and $20,000,000.

The district court sentenced Keele to twenty-four months' imprisonment and ordered him to pay $3,691,102.70 in restitution to the victims under the Mandatory Victim Restitution Act ("MVRA").[1]  Keele filed the instant appeal.

---

[1] The order specified that Keele would be held jointly and severally liable with the other co-defendants for the total amount of restitution set forth in the order.

2

No. 12-10551

## DISCUSSION

### A. *Whether the Appeal Waiver Precludes Appeal of the Restitution Order*

Keele maintains that the appeal waiver in his plea agreement does not encompass restitution. Keele argues that the waiver did not specifically mention restitution and further claims that the district court, in discussing the appeal waiver at rearraignment, did not specify that he was waiving his right to appeal any restitution order. On this basis, Keele asserts that the restitution order is reviewable despite the appeal waiver contained in his plea agreement. We disagree.

This court reviews de novo whether an appeal waiver bars an appeal. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).

To determine the validity of an appeal waiver, this court conducts "a two-step inquiry." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Specifically, this court considers whether the waiver was knowing and voluntary and whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue. *Id.* In determining whether a waiver applies, this court employs ordinary principles of contract interpretation, construing waivers narrowly and against the Government. *United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006).

A defendant may waive his right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary. *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). "A defendant must know that he had a right to appeal his sentence and that he was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (internal quotation marks and citation omitted). A waiver is both knowing and voluntary if the defendant indicates that he read and understood the agreement and the agreement contains an

No. 12-10551

"explicit, unambiguous waiver of appeal." *McKinney*, 406 F.3d at 746.  District courts must ascertain that defendants understand provisions in plea agreements waiving the right to appeal.  Fed. R. Crim. P. 11(b)(1)(N).

The written appeal waiver in Keele's plea agreement stated that he waived the right to appeal his conviction and sentence on direct appeal or on collateral review except in the case of a sentence in excess of the statutory maximum, an involuntary plea or appeal waiver, or ineffective assistance affecting the voluntariness of the plea or appeal waiver.  Keele also signed a written provision at the end of the agreement affirming that he fully understood the plea agreement and entered into it knowingly and voluntarily. At rearraignment, the district court asked Keele whether he understood the plea agreement and the appeal waiver provision, and Keele answered affirmatively.  Keele stated that his plea was voluntary and that he had voluntarily waived his right to appeal.  Thus, we conclude that Keele's appeal waiver was knowing and voluntary.  *See McKinney*, 406 F.3d at 746.

Whether a general appeal waiver bars a challenge to a restitution order is unsettled in this circuit, and other circuits have reached differing results, at least where restitution was not mentioned in the plea agreement.  *See Smith*, 528 F.3d at 424-25 (declining to reach issue and comparing cases from other circuits); *United States v. Lam*, 233 F.3d 575, at *1 & n.2 (5th Cir. 2000) (per curiam) (unpublished).  In *Smith*, the defendant appealed an order of restitution on the basis that it was not supported by sufficient evidence.  *Smith*, 528 F.3d at 423-24.  The Government asserted that the defendant's challenge was barred by her appeal waiver.  *Id*. at 424.  This court noted that restitution is ordinarily considered a component of a sentence and that, in two unpublished opinions, the court had held that a general appeal waiver barred review of a restitution order.  *Id*. at 424-25 (citing *United States v. Hemler*, 169

4

No. 12-10551

F. App'x 897, 898 (5th Cir. 2006); *United States v. Glynn*, 149 F. App'x 322, 323 (5th Cir. 2005)).  However, in those prior cases, the plea agreements expressly stated that the defendant had agreed to pay restitution as determined by the district court.  *See Smith*, 528 F.3d at 424.  In *Smith*, by contrast, the plea agreement was silent regarding restitution, and the Rule 11 colloquy did not resolve whether restitution was part of the agreement.  *Id.*  However, because the appeal could easily be resolved on the merits, the *Smith* court declined to address "whether a general appeal waiver bars review of a restitution order when the plea agreement does not discuss restitution."  *Id.*

In *Lam*, this court held that an appeal waiver did not bar a challenge to restitution.  *Lam*, 233 F.3d 575, at *1.  There, the plea agreement stated that the defendant agreed to pay restitution and agreed to waive his right to appeal his sentence except for an upward departure.  *Id.*  However, the waiver did not mention restitution, the defendant was not admonished regarding the provisions of the MRVA, and the Government conceded that restitution was not contemplated as being included in the waiver.  *Id.*

Keele's case, however, is distinguishable from *Lam*.  In addition to restitution's being mentioned in Keele's plea agreement, the district court also informed Keele multiple times at sentencing and rearraignment that his sentence "includes restitution" arising from all "relevant conduct" and would not be limited to that arising from the offense of conviction.  The district court admonished Keele that he "will be required to make full restitution . . . because restitution is by statute mandatory in this case."  Moreover, Keele stated at sentencing, "[t]he restitution, I know you have the right to do that.  You have said that.  The only thing I ask you to consider is that at 58 years old it will be a burden that I cannot accomplish, and I know that.  I ask you to think about that before you sentence me."  Keele also agreed that he understood that he

No. 12-10551

was waiving his right to appeal his conviction and sentence with certain limited exceptions.

The written plea agreement also stated that restitution was mandatory under the law and that the extent of restitution ordered by the court may include "restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone[.]"  Additionally, Keele's factual resume contains fourteen paragraphs of "relevant conduct," which Keele admitted to be true, that exceeded the scope of the 18 U.S.C. § 2232(a) offense of which he was convicted.[2]  Further, as the Government points out, Keele expressly waived his right to appeal his "sentence" or "seek any future reduction in his sentence" in his plea agreement.  That same plea agreement defines "sentence" to include mandatory "restitution to victims."  Because the whole of this factual scenario greatly differs from that which took place in *Lam*, the two cases are clearly distinguishable.

We therefore conclude after reviewing the whole of the record – specifically, the plea agreement and the appeal waiver, the PSR, the district court's statements to Keele at sentencing and rearraignment, and Keele's statements at sentencing – that Keele's valid appeal waiver did in fact bar his right to appeal the restitution order.  Additionally, we note that, while defendant has made no such argument on appeal herein, an 'in excess of the statutory maximum' challenge, if properly raised on appeal, would not be barred by an appeal waiver.  *See United States v. Chem. & Metal Indus., Inc.*

---

[2] This court has previously held that where the defendant's "plea agreement contemplated a scheme that went beyond the [defendant's crimes] alleged in the indictment" we will interpret the conviction as part of the broader scheme and uphold the district court's award of restitution to all of the victims under the broader scheme.  *United States v. Cothran*, 302 F.3d 279, 290 (5th Cir. 2002).

6

*(C& MI)*, 677 F.3d 750, 752 (5th Cir. 2012).  Accordingly, Keele's appeal of the restitution order is dismissed.

## B. Whether the Restitution Order Violates Keele's Eighth Amendment Rights

Keele argues that the amount of restitution ordered by the district court was disproportionate to his role in the offense and, therefore, his Eighth Amendment rights were violated.  For the reasons stated herein, we hold that Keele's Eighth Amendment claims are also waived.

The right to appeal is statutory, not constitutional.  *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992) (citations omitted).  Generally, constitutional rights can be waived as part of a plea agreement.  *Id.* (citation omitted).  "[I]t is well settled that plea bargaining does not violate the Constitution even though a guilty plea waives important constitutional rights."  *Town of Newton v. Rumery*, 480 U.S. 386, 393 (1987) (citations omitted).

This court noted in *United States v. Walton*, --- F. App'x ---, 2013 WL 3855550, at *6 (5th Cir. 2013) (per curiam) (unpublished), that "[w]hether an appeal waiver may bar a prisoner from arguing on direct appeal that . . . his sentence exceeds Eighth Amendment limitations appears to be an open question in this circuit. . . [.]  Assuming arguendo that the appeal waiver does not bar us from considering [the defendant's] Eighth Amendment arguments, those arguments, unpreserved before the sentencing court, fail under plain error review." (citations omitted).  In *United States v. Lytle*, 90 F. App'x 453, 454 (5th Cir. 2004) (per curiam) (unpublished), however, this court held that the waiver-of-appeal provision in the defendant's signed, written plea agreement barred the defendant from raising his Eighth Amendment claims on appeal.  Here, because the appeal waiver in Keele's signed, written plea agreement waived his right to appeal his sentence with only three specific

No. 12-10551

exceptions,[3] none of which apply here, we conclude that his Eighth Amendment claims are also waived. *See id.*

## CONCLUSION

In light of the foregoing, the appeal of Defendant Ricky J. Keele is **DISMISSED**.

---

[3] A sentence in excess of the statutory maximum, an involuntary plea or appeal waiver, or ineffective assistance affecting the voluntariness of the plea or appeal waiver.

8