**UNITED STATES of America, Plaintiff–Appellee**

v.

**Carl Timothy CAMPBELL, Defendant–Appellant.**

**No. 13–31092 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 23, 2014.

Julious Collin Sims, Esq., Assistant U.S. Attorney, Kevin G. Boitmann, Assistant

U.S. Attorney, Diane Hollenshead Copes, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, New Orleans, La, for Plaintiff–Appellee.

Jordan Mark Siverd, Assistant Federal Public Defender, Samuel John Scillitani, Jr., Esq., Assistant Federal Public Defender, Federal Public Defender's Office, New Orleans, LA, for Defendant–Appellant.

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM: *

Carl Timothy Campbell pleaded guilty to a marijuana-trafficking crime and to possessing a firearm in furtherance of that crime. After the presentence report (PSR) was released, Campbell moved to withdraw his guilty plea on the ground that he had been misinformed about the likely sentencing range. The district court denied the motion and sentenced Campbell to the statutory maximum sentence of 60 months on the drug-trafficking count and a consecutive 63 months on the firearm count, which was three months above the advisory guideline sentence. On appeal, Campbell contends that he should have been allowed to withdraw his guilty plea and that the court made several sentencing errors.

In denying the motion to withdraw the guilty plea, the district court properly applied the factors deemed relevant in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir.1984). None of the factors favored withdrawal, and Campbell thus failed to "show a fair and just reason" for withdrawing the plea. FED.R. CRIM.P. 11(d)(2)(B).

More significantly, the record shows that the plea was knowing and voluntary, and that a waiver of appeal contained in the written plea agreement was also knowing, voluntary, and valid. *See* FED.R. CRIM.P. 11(b)(1)(N); *United States v. Keele*, 742 F.3d 192, 195 (5th Cir.2014). Campbell thus waived his right to appeal the sentence unless the sentence was above the statutory maximum sentence. *See United States v. Bond*, 414 F.3d 542, 546 (5th Cir.2005). Campbell was not sentenced above the statutory maximum sentence. He thus waived his challenges to the sentence. *See id.* Because Campbell raises no meritorious and unwaived claim, the judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.