# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60398
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

TIMOTHY WINFRED MILLER,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CR-2-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Timothy Miller appeals the sentence imposed on his conviction of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession of materials involving sexual exploitation of minors.  Specifically, Miller challenges the restitution and the special condition of supervised release ("SR") prohibiting access to the internet and to computers without the permission of a probation officer.

In the plea agreement, Miller waived the right to appeal his "conviction and sentence imposed in this case, or the manner in which that sentence was imposed . . . on any ground whatsoever."  Miller claims, however, that the waiver is not enforceable because he could not knowingly and intelligently waive the right to appeal a sentence that has not yet been imposed.  He asserts that even if the waiver is enforceable, it does not apply to his challenges to the restitution and SR.  The government seeks to enforce the appeal waiver and moves for dismissal of the appeal or, alternatively, summary affirmance.

To determine whether an appeal of a sentence is barred by an appeal waiver, this court analyzes whether the waiver was knowing and voluntary and whether the waiver applies to the circumstances at hand, based on the plain language of the agreement.  *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  For a waiver to be knowing and voluntary, the "defendant must know that he had a right to appeal his sentence and that he was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (internal quotation marks and citation omitted).  The record shows that Miller's waiver was knowing and voluntary.  *See United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992).

Miller's challenge to the condition of SR restricting access to the internet and to computers is barred by the appeal waiver.  *See* United *States v. Higgins*, 739 F.3d 733, 738–39 (5th Cir. 2014).  Because the record shows that a potential restitution order was discussed at rearraignment and at sentencing, and because the plea agreement defined "Sentence" to include restitution, the

No. 15-60398

waiver bars Miller's challenge to the amount of the restitution order.  *See United States v. Keele*, 755 F.3d 752, 755–56 (5th Cir. 2014).

Accordingly, the motion to dismiss is GRANTED, and the appeal is DISMISSED.  The government's alternative motion for summary affirmance is DENIED as unnecessary.