# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-20151
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2017

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CARRY LE,

Defendant - Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-303-2

————

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Carry Le pleaded guilty to conspiracy to possess, with intent to distribute, 1,000 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), and 846, pursuant to a plea agreement containing an appeal waiver. The district court sentenced her, *inter alia*, to the mandatory minimum sentence of 10 years' imprisonment. In seeking to circumvent the appeal waiver, Le asserts, *inter alia*, the mandatory minimum

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-20151

sentence violates the Eighth Amendment in the light of evolving standards of decency, and, therefore, the waiver does not bar her appeal. In response, the Government contends this court should, nevertheless, dismiss the appeal.

A defendant may waive the statutory right to appeal in a valid plea agreement. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) (holding appellate waivers are enforceable if invoked by the Government). "This court reviews *de novo* whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). In so doing, this court "conduct[s] a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement". *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

First, Le knowingly and voluntarily waived her appellate rights. In the plea agreement, she agreed to waive her right to appeal or "collaterally attack" her conviction and sentence for any reason other than ineffective assistance of counsel. At her rearraignment hearing, Le stated she read and understood the terms of the plea agreement. An appeal waiver is enforceable when the plea agreement includes an explicit waiver of appeal and the defendant indicates she read and understood the plea agreement. *Id.*

Second, affording the language of the appeal waiver its plain meaning, it undoubtedly "applies to the circumstances at issue" in this case. *United States v. Harrison*, 777 F.3d 227, 233 (5th Cir. 2015). Le's appeal is not based on ineffective assistance of counsel, the only specific exception in her appeal waiver. Notwithstanding the belated constitutional challenge presented now, the appellate waiver is valid and enforceable against Le. *See Keele*, 755 F.3d at 756–57.

DISMISSED.