# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2018

Lyle W. Cayce
Clerk

No. 17-60561
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRIS ANTONIO BOLTON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:16-CR-97-2

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Chris Antonio Bolton appeals the 80-month, within-guidelines sentence he received after he pleaded guilty, pursuant to a plea agreement, to possessing cocaine hydrochloride intending to distribute it. He argues that the district court erred in including a quantity of marijuana as relevant conduct for purposes of determining his base offense level.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60561

The Government moves to dismiss the appeal or, alternatively, for summary affirmance based on the appeal waiver contained in Bolton's plea agreement. Bolton's opening brief does not address the waiver or the Government's compliance with the plea agreement, and he has not filed a response to the Government's motion.

We review de novo whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). The record shows that Bolton knew he had the right to appeal and was relinquishing that right by entering the plea agreement; thus, the waiver was knowing and voluntary. *See id.* at 754-55. Moreover, the waiver broadly covers all challenges to the sentence and accordingly applies here. *See id.* at 754. Finally, based on our review of the record we are satisfied that the Government has not breached the plea agreement. *See United States v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001).

Accordingly, we GRANT the Government's motion to dismiss based on the appeal waiver and DENY the alternative motion for summary affirmance. Bolton's counsel is cautioned that pursuing an appeal contrary to a valid waiver and without responding to the Government's invocation of the waiver is a needless waste of judicial resources and could result in sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

APPEAL DISMISSED.