# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60064
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE CHRISTIAN NUNEZ-BELEMONTES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CR-74-6

Before DAVIS, HAYNES, and HO, Circuit Judges.

PER CURIAM:[*]

Jose Christian Nunez-Belemontes appeals the 262-month, within-guidelines sentence he received after he pleaded guilty, pursuant to a plea agreement, to conspiring to possess with intent to distribute more than 500 grams of cocaine hydrochloride. He argues that the district court erred in assessing a two-level enhancement for maintaining a drug premises, pursuant to U.S.S.G. § 2D.1.(b)(12), and a four-level enhancement for his role as an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60064

organizer or leader of criminal activity, pursuant to U.S.S.G. § 3B1.1(a). The Government moves to dismiss the appeal or, alternatively, for summary affirmance based on the appeal waiver contained in Nunez-Belemontes's plea agreement. Nunez-Belemontes has filed a pro se motion to relieve counsel and to proceed pro se.

We review de novo whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). The record shows that Nunez-Belemontes knew he had the right to appeal and was relinquishing that right by entering the plea agreement; thus, the waiver was knowing and voluntary. *See id.* at 754-55. Moreover, the waiver broadly covers all challenges to the sentence and accordingly applies here. *See id.* at 754. Finally, based on our review of the record, we are satisfied that the Government has not breached the plea agreement. *See United States v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001).

Accordingly, we GRANT the Government's motion to dismiss based on the appeal waiver and DENY the alternative motion for summary affirmance. Nunez-Belemontes's motion to relieve counsel and to proceed pro se is DENIED as untimely. *Cf. United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998); *United States v. Rincon-Rincon*, 668 F. App'x 606, 607 (5th Cir. 2016).

APPEAL DISMISSED.