# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60306
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO HUGGER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:18-CR-107-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Antonio Hugger appeals the 188-month, within-guidelines sentence he received after he pleaded guilty, pursuant to a plea agreement, to possession with intent to distribute five grams or more of actual methamphetamine. He asserts that the district court erred in including a quantity of drugs attributable to him in determining his guidelines sentence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60306

The Government moves to dismiss the appeal or, alternatively, for summary affirmance based on the appeal waiver contained in the plea agreement. Hugger's opening brief does not address the waiver, and he has not filed a response to the Government's motion.

We review de novo whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). The record shows that Hugger knew he had the right to appeal and was relinquishing that right by entering the plea agreement; thus, the waiver was knowing and voluntary. *See id.* at 754-55. Moreover, the waiver broadly covers all challenges to the sentence and accordingly applies here. *See id.* at 754. Finally, based on our review of the record we are satisfied that the Government has not breached the plea agreement. *See United States v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001).

Accordingly, we GRANT the Government's motion to dismiss based on the appeal waiver and DENY the alternative motion for summary affirmance. Counsel is cautioned that failure to respond to the Government's invocation of the waiver may be regarded by this court as a needless waste of judicial resources and may result in an imposition of sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

APPEAL DISMISSED.