# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 19, 2020

Lyle W. Cayce
Clerk

No. 19-10619
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LYDIAH BREAUX,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-172-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lydiah Breaux appeals her guilty-plea conviction of theft of public funds, 18 U.S.C. §§ 2, 641, and sentence of 30 months in prison. She contends that she was entitled to a sentence without imprisonment because of her unusual role as the caregiver to a severely autistic child. According to Breaux, the district court erred in adding two levels to her offense level in calculating the guidelines sentencing range because the offense involved more than 10 victims

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and two further levels because a substantial part of the offense occurred outside of the United States.  Further, Breaux argues that her trial counsel rendered ineffective assistance with regard to the two enhancements.

The Government has moved to dismiss the appeal as barred by the appeal waiver in Breaux's plea agreement.  We review de novo.  *See United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).  Although Breaux contends that the appeal waiver was "tainted" by ineffective assistance of counsel, the record indicates that she knowingly and voluntarily entered into the plea agreement with the appeal waiver.  *See United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014); *Keele*, 755 F.3d at 754.  Based on this record, Breaux is bound by the obligations of her plea agreement.  *See Higgins*, 739 F.3d at 737. The district court sentenced Breaux below the statutory maximum, and her challenges to the calculation of her guidelines range are not based on arithmetic error.  Therefore, Breaux's appeal waiver bars her challenges to the enhancements and the inclusion of a term of imprisonment in her sentence. *See United States v. Bond*, 414 F.3d 542, 545-46 (5th Cir. 2005).

Breaux correctly notes that her appeal waiver does not bar her claims that counsel rendered ineffective assistance by failing to object to the offense level enhancements for the number of victims and the location of a substantial part of the criminal conduct.  However, she did not present these claims to the district court, and the record may not "contain[] all of the evidence that could be developed with respect to [the] claim[s]."  *United States v. Rosalez-Orozco*, 8 F.3d 198, 199 (5th Cir. 1993).  We, therefore, decline to consider Breaux's claims of ineffective assistance of counsel without prejudice to collateral review.

For these reasons, the motion to dismiss is GRANTED, and this appeal is DISMISSED in part as barred by the appeal waiver as to Breaux's challenges

to the application of the offense-level enhancements and her sentence of imprisonment and DISMISSED in part without prejudice to collateral review as to Breaux's claims of ineffective assistance of counsel.