# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 24, 2020

Lyle W. Cayce
Clerk

No. 20-10339
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Leondro Longoria,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:19-CR-23-2

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Jose Leondro Longoria pleaded guilty, pursuant to a plea agreement, to conspiring to possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, and he was sentenced to 57 months of imprisonment and three years of supervised release. In the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10339

plea agreement, Longoria waived his rights to appeal from his conviction and sentence or to contest the conviction and sentence in any collateral proceeding, with certain limited exceptions.

On appeal, Longoria argues for the first time that his guilty plea and appeal waiver are void because the district court did not comply with Federal Rule of Criminal Procedure 11(b)(1)(I) and (b)(1)(N), which require the court to ensure, before it accepts a guilty plea, that the defendant understands any mandatory minimum penalty and the terms of any appellate-waiver provision, respectively. Because Longoria did not object in the district court, we review for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002).

The record reflects that the Rule 11 plea colloquy was sufficient in these respects and that the guilty plea and waiver were knowing and voluntary. First, the statute of conviction carried no mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(C). Therefore, the magistrate judge was not required to offer any advice under Rule 11(b)(1)(I), and Longoria has failed to show any error, much less a clear or obvious one. *See United States v. Puckett*, 556 U.S. 129, 135 (2009). Second, the magistrate judge confirmed that Longoria read and understood the plea agreement containing the appeal waiver, and Longoria did not raise questions about its terms. Longoria agreed that he waived his right to appeal except under the "certain limited circumstances" delineated in the plea agreement he had signed. And Longoria indicated he understood the agreement as a whole and entered into it voluntarily and freely. Accordingly, he has not shown any error with the Rule 11 colloquy. *See United States v. Keele*, 755 F.3d 752, 754-55 (5th Cir. 2014).

The judgment of the district court is AFFIRMED.