# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2021

Lyle W. Cayce
Clerk

No. 20-10790
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jonathan Aaron Leal,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-238-1

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Pursuant to a written plea agreement, Jonathan Aaron Leal pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine. The district court

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10790

sentenced Leal below the guidelines range to 270 months of imprisonment. He now appeals his sentence.

While the Government asserts that Leal's appeal is barred by the appeal waiver in his plea agreement, Leal argues that he is entitled to appeal because the district court imposed a sentence above the statutory maximum punishment and imposed an illegal sentence. "This court reviews de novo whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).

Leal's sentence did not exceed the 40-year statutory maximum, and there is no language in the appeal waiver that would suggest that "a sentence exceeding the statutory maximum punishment" should have a definition beyond its ordinary and natural meaning. *See United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005); *see* 21 U.S.C. § 841(a)(1), (b)(1)(B). Moreover, we decline to consider an appeal waiver exception for challenging an illegal sentence. *See United States v. Barnes*, 953 F.3d 383, 388-89 & n.11 (5th Cir.), *cert. denied*, 141 S. Ct. 438 (2020); *Keele*, 755 F.3d at 756-57.

Under the plain language of the appeal waiver provision, Leal waived the right to appeal his sentence. He does not contend that the appeal waiver was unknowing or involuntary, and his claim of sentencing error does not fall within any exceptions to the appeal waiver. Thus, Leal's appeal waiver clearly bars his remaining claims. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). The appeal is DISMISSED.