# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2021

Lyle W. Cayce
Clerk

No. 20-10946
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESUS GUERRA-SANCHEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-341-5

Before CLEMENT, HO, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Jesus Guerra-Sanchez appeals the sentence imposed following his guilty-plea conviction of conspiring to distribute and possess with intent to distribute a mixture or substance containing 500 grams or more of methamphetamine. He argues that the district court erred in determining

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

the quantity of methamphetamine attributable to him and in not applying a downward departure or offense-level reduction based on his allegation that he acted under duress. In response, the Government asks us to enforce the appeal waiver in Guerra-Sanchez's plea agreement.

"A defendant may waive his statutory right to appeal if the waiver is knowing and voluntary." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Whether an appeal waiver bars an appeal is a question we review de novo. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). Our assessment turns on "a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

The record reflects that Guerra-Sanchez was admonished pursuant to Federal Rule of Criminal Procedure 11(b)(1)(N) and that he "indicated that he read and understood the [plea] agreement, which includes an explicit, unambiguous waiver of appeal[.]" *Bond*, 414 F.3d at 544. Though Guerra-Sanchez suggests that *after* his conviction he may have forgotten the waiver or developed mistaken beliefs about it, he does not argue "that his ratification of the plea agreement was anything but knowing and voluntary." *McKinney*, 406 F.3d at 746. We accordingly conclude that the appeal waiver is valid and that Guerra-Sanchez's sentencing claims, which do not fall within an exception to the waiver, are barred. *See id.*; *Bond*, 414 F.3d at 544.

In conjunction with his challenge to the appeal waiver, Guerra-Sanchez argues that his trial counsel rendered ineffective assistance. Because the record is not sufficiently developed to permit a fair consideration of this claim, we decline to consider it without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014); *United States v.*

No. 20-10946

*Bishop*, 629 F.3d 462, 469 (5th Cir. 2010) (noting that a motion pursuant to 28 U.S.C. § 2255 is the preferred vehicle for claims of ineffective assistance).

For these reasons, the appeal is DISMISSED.