# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2021

Lyle W. Cayce
Clerk

No. 21-60063
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Bruce Crosby,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 1:18-CR-137-1

Before Smith, Stewart, and Graves, *Circuit Judges*.
Per Curiam:*

Bruce Crosby appeals the within-guidelines sentence for his conviction of possessing methamphetamine with intent to distribute. He contends that the sentence is procedurally unreasonable because the district court's guidelines calculations relied on a determination of drug quantity not sup-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

ported by the evidence. Seeking to enforce the waiver in Crosby's plea agreement, the government moves to dismiss the appeal or, in the alternative, for summary affirmance.

Whether an appeal waiver bars an appeal is a question this court reviews *de novo*. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). The question turns on "a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). The record reflects that both conditions are met. Crosby avers that at the time he entered into the plea agreement, it was not possible for him knowingly to waive the right to challenge his sentence. That argument is unavailing. *See United States v. Melancon*, 972 F.2d 566, 567–68 (5th Cir. 1992).

Accordingly, the motion to dismiss is GRANTED, the alternative motion for summary affirmance is DENIED, and the appeal is DISMISSED.