# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2022

Lyle W. Cayce
Clerk

No. 21-30246
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDWARD TOLIVER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CR-150-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Edward Toliver appeals his sentences for possession of 15 or more fraudulent access devices and aggravated identity theft. He contends that the district court incorrectly calculated the loss amount, resulting in an inappropriate guidelines range. The Government has moved to dismiss Toliver's appeal as barred by his appellate waiver. We review de novo whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30246

Toliver knowingly and voluntarily waived his appellate rights. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). In the plea agreement, Toliver unambiguously agreed to waive his right to appeal or "collaterally attack" his conviction and sentence. His colloquy with the district court at his sentencing hearing confirms the knowing and voluntary nature of his plea. We have long enforced presentencing appellate waivers when, as here, the defendant was aware of the maximum term of imprisonment, knew that sentence selection was within the purview of the district court, and understood that the district court had discretion to depart from the guidelines recommendation. *See United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992).

Affording the language of Toliver's appeal waiver its plain meaning, it undoubtedly "applies to the circumstances at issue" in this case. *United States v. Harrison*, 777 F.3d 227, 233 (5th Cir. 2015). By its terms, the appellate waiver bars appeals or collateral attacks on Toliver's conviction or sentence for any reason except ineffective assistance of counsel or a sentence that exceeded the statutory maximum. His appeal is neither based on ineffective assistance of counsel nor that his sentence exceeded the statutory maximum. Toliver's appellate waiver is valid and enforceable. *See Bond*, 414 F.3d at 544.

The Government's motion to dismiss is GRANTED, and Toliver's appeal is DISMISSED.