# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2022

Lyle W. Cayce
Clerk

No. 21-10629
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRADLEY JASON ROSALES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-25-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Bradley Jason Rosales pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute a mixture or substance containing 50 grams or more of methamphetamine. He was sentenced to 288 months imprisonment and four years of supervised

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

release. As part of his plea agreement, Rosales waived his rights to appeal his conviction and sentence or to contest his conviction and sentence in any collateral proceeding, with limited exceptions.

Rosales nevertheless appeals, claiming for the first time that the magistrate judge did not comply with Federal Rule of Criminal Procedure 11(b)(1)(N), which requires a court to ensure, before it accepts a guilty plea, that the defendant understands the terms of any appellate-waiver provision. Because Rosales did not object in the district court, we review for plain error. *United States v. Vonn*, 535 U.S. 55, 58–59 (2002).

The record reflects that the Rule 11 plea colloquy was sufficient and that Rosales's guilty plea and waiver were knowing and voluntary. The magistrate judge confirmed that Rosales had read and understood the appeal waiver, and Rosales did not raise questions about its terms. *See United States v. Crain*, 877 F.3d 637, 645 (5th Cir. 2017). Rosales agreed that he knowingly and voluntarily waived his right to appeal, as indicated in the relevant paragraph of his signed plea agreement. Rosales's declarations in open court concerning his understanding of the agreement "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see United States v. Doe*, 2022 WL 44057, at *1 (5th Cir. Jan. 5, 2022) (unpublished).

Rosales has not shown any error whatsoever. *See United States v. Keele*, 755 F.3d 752, 754–55 (5th Cir. 2014).

AFFIRMED.