# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2022

Lyle W. Cayce
Clerk

No. 21-60899
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ENOCH BUCKLEY, III,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 2:20-CR-44-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Enoch Buckley, III, pleaded guilty, per a plea agreement, of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was sentenced, above the advisory guideline range, to 120 months of imprisonment. Buckley waived his right to appeal, but he reserved the right to

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

appeal a claim of ineffective assistance of counsel.  On appeal, he maintains that his above-guidelines sentence was substantively unreasonable.  Instead of a brief, the government has filed an opposed motion for dismissal, seeking enforcement of the appeal waiver, or, in the alternative, summary affirmance.

A defendant may waive the statutory right to appeal in a valid plea agreement.  *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).  "This court reviews de novo whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).  We "conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

The record demonstrates that Buckley knowingly and voluntarily waived his right to appeal, and the appellate waiver applies in this circumstance. *See McKinney*, 406 F.3d at 746; *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994); *United States v. Melancon*, 972 F.2d 566, 567–68 (5th Cir. 1992).

Accordingly, the motion to dismiss is GRANTED, and the appeal is DISMISSED.  The government's alternative motion for summary affirmance is DENIED as unnecessary.