# United States Court of Appeals for the Fifth Circuit

No. 22-10231
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 18, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Cameron Maloy,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-206-1

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Cameron Maloy pleaded guilty, pursuant to a written agreement, to one count of possession with intent to distribute a mixture and substance containing methamphetamine, 21 U.S.C. § 841(a)(1) and (b)(1)(C), and he was sentenced to 168 months of imprisonment and three years of supervised

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10231

release. In the plea agreement, Maloy waived his right to appeal from his conviction and sentence, reserving his rights to: bring a direct appeal of a sentence exceeding the statutory maximum punishment, or an arithmetic error at sentencing; challenge the voluntariness of his guilty plea or waiver; and bring a claim of ineffective assistance of counsel.

On appeal, Maloy challenges the magistrate judge's compliance with Federal Rule of Criminal Procedure 11(b)(1)(N), which requires the court to fully inform the defendant of and determine that the defendant understands the terms of any appeal waiver provision in a plea agreement. Maloy did not object in the district court so this court reviews for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002).

The record reflects that the plea colloquy was sufficient under Rule 11 and that Maloy's guilty plea and appeal waiver were knowing and voluntary. The magistrate judge confirmed that Maloy had read and understood the waiver of appeal paragraph and discussed it with his attorney. Maloy further agreed that he knowingly and voluntarily waived his right to appeal as set forth in the appeal waiver provision of his plea agreement; he did not raise any questions about its terms. A defendant's "solemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted). Accordingly, Maloy has not demonstrated any error with the Rule 11 plea colloquy. *See United States v. Higgins*, 739 F.3d 733, 736 and n.8 (5th Cir. 2014); *United States v. Keele*, 755 F.3d 752, 754-55 (5th Cir. 2014); *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994).

AFFIRMED.