# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2023

Lyle W. Cayce
Clerk

No. 22-60351
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Elbert Silas,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CR-18-1

———————

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Elbert Silas appeals the within-guidelines sentence imposed on his guilty-plea conviction of possessing 50 grams or more of methamphetamine with intent to distribute. He contends the sentence is procedurally unreasonable because there was insufficient evidence to support the district court's application of a two-level enhancement pursuant to U.S.S.G.

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60351

§ 2D1.1(b)(5). Seeking to enforce the appeal waiver in Silas's plea agreement, the Government moves to dismiss the appeal or, in the alternative, for summary affirmance.

Whether an appeal waiver bars an appeal is a question this court reviews de novo. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). The question turns on "a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). The record shows that both those conditions are met here. The waiver states that Silas is giving up the right to appeal his sentence on any ground, including but not limited to those set forth in 18 U.S.C. § 3742. Silas raised no questions about the waiver and affirmed repeatedly that he understood it. He will accordingly be held to the bargain to which he agreed. As there is no indication the parties intended standard language in the waiver to bear a non-standard meaning, Silas's efforts to urge such a meaning are unavailing. *See Bond*, 414 F.3d at 545-56.

Accordingly, the Government's motion to dismiss is GRANTED, the Government's alternative motion for summary affirmance is DENIED, and the appeal is DISMISSED.