# United States Court of Appeals for the Fifth Circuit

---

No. 22-51015
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Marquez, Jr.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CR-1816-1

---

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Robert Marquez, Jr., appeals his 57-month sentence for the importation of five kilograms or more of cocaine and aiding and abetting. He pleaded guilty pursuant to a plea agreement that included, inter alia, a waiver of his right to appeal. The Government seeks enforcement of the appeal waiver, and Marquez makes no arguments to the contrary.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-51015

We review whether the appeal waiver bars Marquez's appeal de novo. *See United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). Marquez unambiguously acknowledged that he voluntarily and knowingly waived his right to appeal his conviction and sentence on any ground in the written plea agreement as well as during the plea colloquy. Given the explicit relinquishment of the right to challenge his sentence, the waiver undoubtedly "applies to the circumstances at hand." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Therefore, the record demonstrates that the appeal waiver is valid and enforceable. *See id.*

DISMISSED.[1]

---

[1] Counsel for Marquez is CAUTIONED that pursuing an appeal contrary to a valid waiver and without responding to the Government's invocation of the waiver is a needless waste of judicial resources that could result in sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).