# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2024

Lyle W. Cayce
Clerk

No. 23-60294
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RONALD HARRIS CUEVAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:21-CR-145-1

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Ronald Harris Cuevas pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In his written plea agreement, Cuevas expressly waived the right to appeal his conviction or sentence on any grounds and reserved only the right to bring an ineffective assistance of counsel claim. The district court accepted Cuevas's guilty plea

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.4.

and sentenced him to a 120-month imprisonment term and three years of supervised release. Cuevas did not object to the constitutionality of Section 922(g)(1) before the district court. The court granted Cuevas's 28 U.S.C. § 2255 motion to file an out-of-time appeal. Following an extension, Cuevas timely filed a notice of appeal. *See* Fed. R. App. P. 4(b)(4). The Government subsequently filed a motion to dismiss, or alternatively for summary affirmance. Summary affirmance is GRANTED.

Cuevas argues that Section 922(g)(1) is unconstitutional under the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and our subsequent ruling in *United States v. Rahimi*, 61 F.4th 443 (5th Cir.), *cert. granted*, 143 S. Ct. 2688 (2023). Cuevas argues *Bruen* and *Rahimi* render his plea agreement, including the appeal waiver, unenforceable under the Second Amendment. Thus, effectuating Cuevas's appeal waiver would constitute a miscarriage of justice.

Cuevas raises this constitutional challenge for the first time on appeal. We therefore review it for plain error. *United States v. Fernandez*, 559 F.3d 303, 316 (5th Cir. 2009). An appeal waiver is considered valid "if the defendant indicates that he read and understood the agreement and the agreement contains an explicit, unambiguous waiver." *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019) (quoting *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014)). Constitutional rights can be waived as part of appeal waivers, *United States v. Portillo-Munoz*, 643 F.3d 437, 442 (5th Cir. 2011), but the waiver will not be enforced if the language is "insufficient to accomplish an intelligent waiver of the right not to be prosecuted (and imprisoned) for conduct that does not violate the law," *United States v. White*, 258 F.3d 374, 380 (5th Cir. 2001).

In his plea agreement, Cuevas "expressly" waived the "right to appeal [his] conviction and sentence imposed in this case, or the manner in

which that sentence was imposed, on the grounds set forth in [18 U.S.C. § 3742, or on any ground whatsoever." This waiver does not expressly bar or except a challenge to the constitutionality of Section 922(g)(1), but that is of no consequence here under plain error review because applying *Bruen* would not establish an "error, that is plain, and that affects [Cuevas's] substantial rights." *Fernandez*, 559 F.3d at 316.

For a legal error to be plain, it "must be clear or obvious, rather than subject to reasonable debate." *Jimenez v. Wood Cnty.*, 660 F.3d 841, 847 (5th Cir. 2011) (citation omitted). A "lack of binding authority is often dispositive in the plain-error context." *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015). Further, the error must be considered "clear under current law." *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010) (citation and emphasis omitted). "An error is not plain under current law if a defendant's theory requires the extension of precedent." *Id.* (quotation marks and citation omitted).

In *Bruen*, the Supreme Court articulated a new test for assessing the constitutionality of a statute under the Second Amendment. *See* 597 U.S. at 17, 24–25. This court extended *Bruen* to a preserved Second Amendment challenge to 18 U.S.C. § 922(g)(8), which bans the possession of firearms by a person subject to a domestic violence restraining order. *Rahimi*, 61 F.4th at 448. However, neither *Bruen* nor *Rahimi* dictates such a result for Section 922(g)(1), and this lack of binding authority is dispositive. *Gonzales*, 792 F.3d at 538. Indeed, we have rejected similar unpreserved Second Amendment challenges to Section 922(g)(1) based on *Bruen*. *See, e.g., United States v. Roy*, No. 22-10677, 2023 WL 3073266 (5th Cir. Apr. 25, 2023); *United States v. Pickett*, No. 22-11006, 2023 WL 3193281 (5th Cir. May 2, 2023).

Summary affirmance GRANTED.