# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-40641
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alejandro Vazquez-Padilla,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:23-CR-76-1

———————————————————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Alejandro Vazquez-Padilla pleaded guilty, pursuant to a written plea agreement, to conspiracy to import and conspiracy to possess with intent to distribute 50 grams of methamphetamine and 500 grams or more of a substance containing a detectable amount of methamphetamine, and the district court sentenced him to 210 months in prison. On appeal, Vazquez-

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Padilla challenges his sentence, arguing that the Government breached the plea agreement by not fulfilling its obligation to advocate for a safety-valve reduction.

Invoking the waiver of appeal provision in Vazquez-Padilla's plea agreement, the Government moves for dismissal of the appeal, contending that the waiver is valid and enforceable and precludes Vazquez-Padilla from challenging his conviction or sentence except where a claim of ineffective assistance of counsel is raised. Vazquez-Padilla opposes the Government's motion, arguing that the waiver was not knowing and voluntary in light of the Government's breach.

The validity of an appeal waiver is a question of law that we review de novo. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). The record indicates that Vazquez-Padilla read and understood the plea agreement, which contained an "explicit, unambiguous waiver of appeal." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Thus, his appeal waiver was knowing and voluntary. *See United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014); FED. R. CRIM. P. 11(b)(1)(N). The record also reflects that the appeal waiver "applies to the circumstances at hand, based on the plain language of the plea agreement," *Higgins*, 739 F.3d at 736, as Vazquez-Padilla's appellate issue does not fall within the stated exception to the appeal waiver.

While a defendant is released from an appeal waiver if the Government has breached the plea agreement, *see United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002), the record reveals that the Government complied with all of the terms of the written plea agreement. The Government made only two promises – to dismiss the remaining counts of the indictment and to move for the additional third point deduction for acceptance of responsibility. The plea agreement did not contain any

promises regarding a safety-valve reduction, and nothing in the record suggests that the terms of the plea agreement had been modified.

Accordingly, the Government's motion for dismissal is GRANTED, and the appeal is DISMISSED.