# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2026

Lyle W. Cayce
Clerk

No. 25-60356
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUSTIN SCOTT,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:24-CR-26-1

_____

Before WIENER, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Justin Scott pleaded guilty, pursuant to a written plea agreement, to one count of bank fraud in violation of 18 U.S.C. § 1344. The plea agreement contained an appeal waiver in which he waived his right to appeal his conviction and sentence, with the limited exception of

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60356

the right to raise a claim of ineffective assistance of counsel. The district court sentenced Scott to twelve months and one day of imprisonment followed by four years of supervised release. It also imposed a restitution award of $70,519.91.

Scott challenges the evidentiary basis of the restitution award. As the Government correctly maintains, Scott's appeal waiver bars this appeal because he knowingly and voluntarily waived his right to appeal, and his challenge does not fit within any exception or carveout to the waiver. *See United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).

Scott also contends that the district court failed to conduct a mandatory proximate-cause analysis in its order of restitution, which negates the enforceability of his appeal waiver. *See United States v. West*, 137 F.4th 395, 401 (5th Cir. 2025). Because he introduces this argument only for the first time in his reply brief, we decline to consider it. *See United States v. Davis*, 602 F.3d 643, 648 n.7 (5th Cir. 2010).

The appeal is DISMISSED.