# United States Court of Appeals for the Fifth Circuit

---

No. 22-51047
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Donovan Smith,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CR-213-1

---

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Donovan Smith appeals his guilty plea conviction for possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). He argues the statute of conviction violates the Commerce Clause and the Second Amendment. The Government moves to dismiss the appeal based on the appeal waiver in Smith's written plea agreement. We review de novo

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-51047

whether the waiver bars the instant appeal. *See United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).

The record reflects that during the plea colloquy, Smith repeatedly indicated that he had read and understood the plea agreement and the appeal waiver, which is explicit, unambiguous, and by its plain language bars any challenge to the constitutionality of the statute of conviction. The waiver was therefore knowing and voluntary. *See id.*; *United States v. Nyandoro*, 146 F.4th 448, 462 (5th Cir. 2025), *petition for cert. filed* (U.S. Nov. 20, 2025) (No. 25-6218). Insofar as Smith argues that we should apply a miscarriage-of-justice exception to his appeal waiver, "we have never adopted such an exception," *Nyandoro*, 146 F.4th at 463, and we do not apply one in this case, *see id.* at 463 & n.67.[1]

The Government's motion to dismiss is GRANTED and its alternative motions for summary affirmance or for an extension of time to file a brief are DENIED. The appeal is DISMISSED.

_____

[1] We also note that Smith's Commerce Clause and facial Second Amendment challenges are foreclosed. *See United States v. Diaz*, 116 F.4th 458, 462, 471-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025).