# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2022

Lyle W. Cayce
Clerk

No. 21-60773
CONSOLIDATED WITH
Nos. 21-60822, 21-60823
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KEVIN SINGLETON,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Southern District of Mississippi
USDC Nos. 5:18-CR-24-1, 5:18-CR-6-1, 5:18-CR-22-1

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.
PER CURIAM:*

Kevin Singleton pleaded guilty in three separate cases, which were consolidated for sentencing; his pleas were made pursuant to written plea agreements which contained waivers of the right to appeal his convictions

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60773
c/w Nos. 21-60822, 21-60823

and sentences on any ground.  In district court case number 5:18-CR-6 (No. 21-60822), Singleton pleaded guilty to conspiring to possess cocaine with intent to distribute it, in violation of 21 U.S.C. § 846; possessing heroin with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1); possessing 50 grams or more of methamphetamine with intent to distribute it, in violation of § 841(a)(1); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  He was sentenced to concurrent 360-month terms of imprisonment for the drug offenses and to 60 months of imprisonment on the firearm offense, to run consecutively, for a total of 420 months of imprisonment.  In both case number 5:18-CR-22 (No.21-60823) and case number 5:18-CR-24 (No. 21-60773), he pleaded guilty to using a communication facility to facilitate a felony drug offense, in violation of 21 U.S.C. § 843(b).  For those offenses, he was sentenced to 48 months of imprisonment to run concurrently with each other and with the sentence imposed in case no. 5:18-CR-6.

In this consolidated appeal, Singleton appeals his sentences, arguing the district court erred in each case by applying three sentencing enhancements: a four-level increase under U.S.S.G. § 3B1.1(a), based on his aggravating role in the offense; a two-level increase under U.S.S.G. § 2D1.1(b)(16)(E), based on his pattern of criminal conduct; and a two-level increase under § 2D1.1(b)(12), for maintaining a drug-distribution premises. The Government has filed a motion to dismiss the appeal based on the appeal waivers, which the Government argues were knowing and voluntary and squarely apply to the issues Singleton raises on appeal or, in the alternative, for summary affirmance.

As part of a valid plea agreement, a defendant may waive his statutory right to appeal.  *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006). We review de novo whether the appeal waivers bar Singleton's appeals.  *See*

*United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). In so doing, we "conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). For a waiver to be knowing and voluntary, the defendant must know that he had a right to appeal and that he was giving up that right. *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

Relying on the concurrence in *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992), Singleton argues that the appeal waivers should not be enforced because the right to waive an appeal of his sentence could not come into existence until after the sentence was pronounced. He asserts that, as a result, he could not have knowingly waived his right to appeal his sentences, and the appeal waivers unconstitutionally infringed his statutory right to appeal. As he concedes, however, a panel of this court has previously rejected those arguments. *Id.* at 567-68 ("The uncertainty of Appellant's sentence does not render his waiver uninformed."). Moreover, "[t]he Supreme Court has repeatedly recognized that a defendant may waive constitutional rights as part of a plea bargaining agreement." *Id.* at 567. Singleton does not argue that his appeal waivers were otherwise unknowing or involuntary, nor does he argue that the waivers, each of which expressly provided that he agreed to waive his right to appeal his sentence on any ground whatsoever, do not apply to the circumstances at hand. *See McKinney*, 406 F.3d at 746; *Bond*, 414 F.3d at 544.

Because the waivers are valid and enforceable and the Government has invoked the waivers, Singleton's appeals are barred. *See Story*, 439 F.3d at 230 & n.5. The Government's motion to dismiss the appeals is therefore GRANTED, and its alternative motion for summary affirmance is DENIED AS MOOT. The appeals are DISMISSED.